# In the United States Court of Federal Claims

No. 21-1268C

(E-Filed: April 14, 2022)

|  |  |  |
|---|---|---|
| | ) | |
| TIMOTHY A. PAIGE, JR., | ) | |
| | ) | Motion to Dismiss; RCFC |
| Plaintiff, | ) | 12(b)(6); Combat-Related |
| | ) | Special Compensation; 10 |
| v. | ) | U.S.C. § 1413a; Barring Act; |
| | ) | 31 U.S.C. § 3702. |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Emily M. Wexler, Chicago, IL, for plaintiff. Gerard D. Kelly, Samuel A. Dillon, Katherine L. Olson, Barton F. Stichman, Rochelle Bobroff, David Sonenshine, and Renee Burbank, of counsel.

Catherine M. Parnell, Trial Attorney, with whom were Brian M. Boynton, Assistant Attorney General, Martin F. Hockey, Jr., Acting Director, and Douglas K. Mickle, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. William J. Hess, III, Defense Finance and Accounting Service, and Adam E. Frey, Military and Personnel Law and Litigation Branch, United States Department of the Air Force, of counsel.

## OPINION AND ORDER

CAMPBELL-SMITH, Judge.

On April 21, 2021, plaintiff filed his complaint in this case alleging that he, and others similarly situated, "have been denied the full amount of retroactive [combat-related special compensation (CRSC)] to which they are entitled due to [d]efendant's nationwide and unlawful policy to pay no more than six years of retroactive CRSC." ECF No. 1 at 1. On August 2, 2021, defendant filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 22. Plaintiff filed its response to defendant's motion to dismiss

on October 6, 2021, see ECF No. 29; and defendant filed its reply in support of its motion on November 2, 2021, see ECF No. 32.  On December 20, 2021, plaintiff filed a notice of additional authority.  See ECF No. 33.

The motion is fully briefed and ripe for decision.  The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's ruling in this opinion.  For the following reasons, defendant's motion is **DENIED**.

I.      Background

Plaintiff served in the United States Air Force from July 19, 1982, until he was permanently, medically retired on November 28, 2008, at the rank of Lieutenant Colonel.[1]  See ECF No. 1 at 13-14.  Plaintiff applied for, and received, service-connected disability benefits effective on the date of his retirement.  See id. at 14.  More than ten years later, in December 2019, plaintiff applied for CRSC.  See id.  The Air Force awarded plaintiff CRSC "based on the finding that one or more service-connected conditions are combat-related disabilities."  Id.  The effective date of plaintiff's CRSC award was set as January 1, 2014.  See id.  "In other words, the Air Force awarded [plaintiff] only six years of retroactive CRSC, from January 1, 2014 to January 13, 2020."  Id.  Plaintiff alleges, however, that he "met all of the CRSC entitlement criteria on November 29, 2008," which should have been the effective date of the CRSC award.  Id.

According to plaintiff, the Air Force's decision to limit his eligibility for retroactive CRSC was an error, and he should have been awarded retroactive CRSC beginning on November 29, 2008.  See id.  More specifically, plaintiff alleges that the Air Force "based this unlawful withholding of retroactive CRSC upon the statute of limitations contained in 31 U.S.C. § 3702(b), a statute that does not apply to CRSC."  Id. at 15.  Plaintiff alleges that, as a result of this withholding, he and others who are similarly situated, were denied CRSC benefits "to which they are entitled under 10 U.S.C. § 1413a."  Id.

Defendant disagrees, and now moves the court to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.  See ECF No. 22.

---

[1]      In his complaint, plaintiff alleged that this case should move forward as a class action. See ECF No. 1 at 3-5.  Plaintiff has also filed a motion to certify a class, ECF No. 17, which is stayed pending a ruling on the instant motion to dismiss.  See ECF No. 24 (August 3, 2021 order staying consideration of plaintiff's motion to certify a class).  As such, for purposes of evaluating this motion, the court will not address allegations in the complaint that are pertinent to the alleged class, but will focus on plaintiff's ability to state a claim upon which relief may be granted.

II.     Legal Standards

When considering a motion to dismiss brought under RCFC 12(b)(6), the court "must presume that the facts are as alleged in the complaint, and make all reasonable inferences in favor of the plaintiff." Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citing Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)). It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating a motion to dismiss for failure to state a claim, the court "primarily consider[s] the allegations in a complaint," but is "not limited to the four corners of the complaint," and may also look to the "matters incorporated by reference or integral to the claim." Dimare Fresh, Inc. v. United States, 808 F.3d 1301, 1306 (Fed. Cir. 2015) (citations omitted).

III.    Analysis

As explained above, the parties' fundamental disagreement in this case is whether awards of CRSC made pursuant to 10 U.S.C. § 1413a (the CRSC statute) are limited by the six-year statue of limitations in 31 U.S.C. § 3702 (the Barring Act). The relevant statutory provisions are as follows.

The CRSC statute provides that "[t]he Secretary concerned shall pay to each eligible combat-related disabled uniformed services retiree who elects benefits under this section a monthly amount for the combat-related disability of the retiree determined under subsection (b)." 10 U.S.C. § 1413a(a). Subsection (b) of the CRSC statute, in turn, sets forth the procedures for calculating the amount of CRSC due to an individual and sets the maximum amount that an individual may be awarded. See 10 U.S.C. § 1413a(b). The CRSC statute also defines who qualifies as an eligible retiree, see 10 U.S.C. § 1413a(c); directs the development of procedures to consider claims, see 10 U.S.C. § 1413a(d); defines "combat-related disability," see 10 U.S.C. § 1413a(e); and identifies the source of payment, see 10 U.S.C. § 1413a(h).

The Barring Act provides, in relevant part, that:

(a)     Except as provided in this chapter or another law, all claims of or against the United States Government shall be settled as follows:

    (1)     The Secretary of Defense shall settle—

> (A)    claims involving uniformed service members' pay, allowances, travel, transportation, payments for unused accrued leave, retired pay, and survivor benefits;
>
> . . .
>
> (4)    The Director of the Office of Management and Budget shall settle claims not otherwise provided for by this subsection or another provision of law.

31 U.S.C. § 3702(a).  Claims against the government under this section must be received within six years after the claim accrues.  See 31 U.S.C. § 3702(b).

In its motion to dismiss, defendant argues that the six-year statute of limitations applies to CRSC awards because such awards "qualif[y] as 'pay' within the meaning of 31 U.S.C. § 3702(a)(1)(A)."  ECF No. 22 at 14.  Defendant bases its position on the definition of several terms found in the definition section at the beginning of Title 10 of the United States Code, 10 U.S.C. § 101.  See id. at 15-17.  First, the term "pay" is defined as follows: "[t]he term 'pay' includes basic pay, special pay, retainer pay, incentive pay, retired pay, and equivalent pay, but does not include allowances."  10 U.S.C. § 101(a)(15).  In addition, under the subsection titled "rules of construction," the term "includes" is defined to mean "'includes but is not limited to.'"  10 U.S.C. § 101(f)(4).  According to defendant, the court should read these provisions together, and "conclude that Congress did not intend to exclude 'special compensation' from the broad definition of military 'pay.'"  ECF No. 22 at 16.

Beyond noting the lack of textual limitations preventing the court from adopting its statutory interpretation, defendant makes two additional text-based arguments.  First, defendant contends that the court's decision should be informed by the fact that the United States Department of Defense treats CRSC as pay in the context of various administrative procedures related to handling debt.  See id. at 16.  Defendant also claims that Congress' use of the word "involving" in 31 U.S.C. § 3702(a)(1)(A)—which defendant characterizes as "broadening language"—is evidence of the legislature's "intent to capture all forms of compensation arising from military service and to delegate to the Secretary of Defense the authority to settle claims for such compensation within the applicable statute of limitations."  Id. at 16-17.

Finally, in the alternative, defendant argues that even if the court finds that 31 U.S.C. § 3702(a)(1) does not apply to CRSC claims, it should find that the Barring Act's catch-all provision, 31 U.S.C. § 3702(a)(4), applies because the settlement of CRSC claims is not governed by "'another provision of law.'"  ECF No. 22 at 21.  According to defendant, 10 U.S.C. § 1413a does not qualify as "another provision of

4

law" providing for the settlement of CRSC claims within the meaning of 31 U.S.C. § 3702(a)(4) because the authority to pay CRSC claims should not be conflated with the authority to settle such claims.  Id. at 21-22.

In response, plaintiff first notes that defendant's arguments under 31 U.S.C. § 3702(a)(1) and (a)(4) fail to address the language that introduces those subsections, specifying that the Barring Act applies to the settlement of claims against the United States, "'[e]xcept as provided in this chapter or another law.'"  See ECF No. 29 at 12. Plaintiff argues that "[b]ecause the CRSC Statute itself provides for the settlement of CRSC claims, the Barring Act is inapplicable."  Id.  In plaintiff's view, despite the fact that the CRSC statute does not use the term "settle," it should be understood as providing for the settlement of CRSC claims because it "provides for the administrative determination of the validity and amount of a CRSC claim."  Id. at 14; see also id. at 13 (citing Illinois Surety Co. v. United States, 240 U.S. 214, 219 (1916) ("The word 'settlement' in connection with public transactions and accounts has been used from the beginning to describe administrative determination of the amount due."); and quoting Adams v. Hinchman, 154 F.3d 420, 422 (D.C. Cir. 1998) (stating that under the Barring Act, "to settle a claim means to administratively determine the validity of that claim.")).

The court agrees with plaintiff.  The CRSC statute identifies eligibility criteria for CRSC awards, directs the development of procedures to consider claims, specifies an individual obligated to pay claims, sets forth the manner in which claims shall be calculated, and identifies the source of payment.  See ECF No. 29 at 14 (citing 10 U.S.C. § 1413a(a)-(e), (h)).  Because these procedures provide a mechanism for "determination of the amount due" to a particular applicant, Illinois Surety, 240 U.S. at 219, or to "determine the validity of that claim," Adams, 154 F.3d at 422, the statute constitutes "another law" outside the Barring Act that provides for the settlement of certain claims against the United States, 31 U.S.C. § 3702(a).

This same result was reached by the United States District Court for the Southern District of Texas in Soto v. United States, No. 1:17-cv-00051, 2021 WL 7286022 (S.D. Tex. Dec. 16, 2021), the additional authority filed by plaintiff on December 20, 2021. See ECF No. 33.  Although the decision is not binding on this court, the court finds the reasoning in Soto persuasive, and will rule here in accord with the holding in that case.

Because the court concludes that the CRSC statute constitutes "another law" within the meaning of 31 U.S.C. § 3702(a), the Barring Act does not apply, and the court need not consider in more detail defendant's arguments the CRSC awards are governed by either 31 U.S.C. §3702(a)(1) or (a)(4).

IV.     Conclusion

Accordingly, for the foregoing reasons:

(1)     Defendant's motion to dismiss, ECF No. 22, is **DENIED**;

(2)     The clerk's office is directed to **LIFT** the **stay** on plaintiff's motion to certify a class, ECF No. 17;

(3)     On or before **May 13, 2022**, defendant is directed to **FILE** its **answer** to plaintiff's complaint; and

(4)     On or before **May 27, 2022**, defendant is directed to **FILE** its **response** to plaintiff's motion to certify a class.

IT IS SO ORDERED.


                        s/Patricia E. Campbell-Smith
                        PATRICIA E. CAMPBELL-SMITH
                        Judge